### F. W. WOOLWORTH CO. v. GRAHAM.*
(No. 1537.)

(Court of Civil Appeals of Texas. El Paso. Dec. 6, 1923. Rehearing Denied Jan. 17, 1924.)

1. **Pleading ⟚20, 35—Allegation of belief held surplusage; complaint held not to state negligence disjunctively.**

In complaint for injuries when plaintiff slipped on the tile floor outside the entrance of a store, charging that the floor had become slippery so as to be dangerous to customers, and that plaintiff believed that some one had let fall a bottle of liquid, causing it to break and run over the floor, that defendant negligently permitted the fluid to remain on the floor or negligently failed properly to scrub and clean the entrance, allegations of belief were surplusage, and complaint was not subject to demurrer because of disjunctive allegation.

2. **Negligence ⟚136(22)—Store proprietor sued for fall held entitled to directed verdict.**

In action for injury received while leaving defendant's store when plaintiff slipped and fell on a wet spot on the floor, where a bottle of liquid had been dropped, evidence that employees immediately on knowledge of such broken bottle of liquid cleaned it up with dust pan and mop, and dried the place perfectly, *held* to entitle defendant to a directed verdict.

3. **Negligence ⟚44—Store proprietor bound to use ordinary care to keep floors reasonably safe.**

A store proprietor is chargeable with the duty of ordinary care to keep floors and entrance to his place of business reasonably safe for the use of those lawfully having occasion to use them.

4. **Negligence ⟚67—Customer held negligent in walking on wet spot at store entrance.**

In action for injuries from slipping and falling on the place where a bottle of liquid had dropped and broken at a store entrance, plaintiff's evidence that when she undertook to leave the building she saw the tiling was wet and after such discovery walked on it, with other evidence that there were four open entrances, and that the wet spot was small as compared to the width of the entrance, showed negligence.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Action by Annie Graham against the F. W. Woolworth Company. Judgment for plaintiff, and the defendant appeals. Reversed and rendered.

Lea, McGrady, Thomason & Edwards, of El Paso, for appellant.

Davis, Jackson & Fryer, of El Paso, for appellee.

HARPER, C. J. Appellee, Annie Graham, sued appellant, F. W. Woolworth Company, for personal injuries said to have been received by her while leaving appellant's place of business in El Paso, Tex., alleging that some one had dropped a bottle of liquid on the tile floor outside of the store entrance and between the show windows, and that she slipped and fell on the place where the bottle had been dropped, and that appellant "negligently permitted such fluid to remain on the floor at said place, or negligently failed to properly scrub and clean said entrance."

Defendant, after general demurrer, pleaded general denial, contributory negligence, and assumed risk in detail. Based on special verdict of jury, the court rendered judgment in favor of Annie Graham against the F. W. Woolworth Company for $2,500.

[1] The first proposition is that the petition is subject to general demurrer because of the disjunctive allegation "the defendant, its agents, and employees negligently permitted such fluid to remain on the floor at such place, or negligently failed to properly scrub and clean said entrance."

This is not well taken. The negligence charged is—

"that the floor of said store at the approach to said door or within the vestibule maintained by defendant between the show windows, door, and the sidewalk, where customers were accustomed to enter and leave, had become slippery so as to be dangerous to customers passing over the same. Plaintiff believes that some one had let fall a bottle containing some liquid, and caused same to break and run over the floor at said place, and plaintiff believes and charges that defendant, its agents, and employees negligently permitted said fluid to remain on the floor at said place, or negligently failed to properly scrub and clean said entrance, which, at all events, was so slippery and dangerous as to cause plaintiff to fall, which negligence was the proximate cause of plaintiff's injuries."

The portion of the allegations complained of, plaintiff's belief as to how the spot became wet, and why it remained so, is surplusage, and is not the fact charged to be the proximate cause of plaintiff's fall, but the fact that the floor was negligently permitted to be and remain wet and slippery is the act of negligence charged to defendant.

[2, 3] The next is that the court erred in refusing to direct a verdict for the defendant for two reasons:

"First, because there is no proof of negligence on the part of defendant; and, second,

---

⟚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 5, 1924.

the plaintiff was, as a matter of law, guilty of negligence which caused her injuries, if any."

We are of the opinion that both of these contentions should be sustained. The uncontradicted evidence shows that plaintiff was in the establishment of defendant for the purpose of purchasing goods; that while she was in there a Mexican woman dropped a bottle of liquid in the vestibule entrance to the building. The bottle broke in the fall, and the liquid ran out on the tile with which the entrance was floored. The assistant manager saw the broken bottle, and immediately called the negro porter to clean it up, and he went with his dust pan and mop to the spot. His testimony is as follows:

"I took a dust pan and little brush, and brushed the glass into the pan first, every piece of glass I saw. I then took my wet mop and washed the floor with it, after that I wrung out my mop, and dried the place. The place was perfectly clean and perfectly dry."

The only evidence in the record that the place was wet is that of plaintiff, and she testified:

"When I did undertake to leave the Woolworth store, I saw that the tiling outside of the door in front of me was wet; I walked on it."

The defendant by law was chargeable with the duty to use ordinary care to keep its floors and entrance to its place of business reasonably safe for the use of those who might lawfully have occasion to use them. Giving the most favorable construction to the evidence, we think it utterly fails to show that the defendant was guilty of negligence.

[4] An ordinarily prudent man could not have done more than was done in this case by defendant's servants, but, if we have a too restricted view of the probative force and effect of the evidence as to actionable negligence upon the part of defendant, we are of the further opinion that under her own testimony she was guilty of contributory negligence as a matter of law. She testified:

"When I did undertake to leave the Woolworth store, I saw that the tiling outside of the door in front of me was wet. After discovering that the tiling on the outside of the door was wet, I walked on it. I am accustomed to walking on all kinds of floors, * * * on all tile in banks, hotels, restaurants, and other buildings; * * * have known for years that there is a possibility and probability of slipping and falling on wet sidewalks, * * * waxed floors, tile floors," etc.

It is undisputed that there were four entrances to the building, and that they were all open, and further, that the spot cleaned up was small as compared to the whole width of the entrance, and to one side thereof. It affirmatively appears from her own testimony that with full knowledge of the dangers she stepped upon the spot instead of taking the obviously safe course that the most ordinary prudence would have dictated of stepping over or walking around the spot, so it is obvious that her fall and consequent injuries were brought about by her own thoughtlessness. We have reviewed the assignments charging error in the court's charge and in refusing special charges, and find no error therein.

The case seems to have been thoroughly developed, and there is no probability that plaintiff's case can be strengthened on another trial. The judgment of the district court must therefore be reversed, and here rendered for the defendant.

### On Rehearing.

PER CURIAM. Rehearing denied.

HIGGINS, J. (concurring in part and dissenting in part). I dissent from the ruling that there was no evidence of actionable negligence upon the part of appellant. Upon the issue of contributory negligence I am also doubtful of the correctness of the ruling made, but will not dissent therefrom. For this reason I concur in overruling the motion for rehearing.