GRAHAM v. F. W. WOOLWORTH CO., Inc.*
(No. 1801.)

(Court of Civil Appeals of Texas. El Paso. Oct. 22, 1925. Rehearing Denied Nov. 12, 1925.)

1. Judgment ⌾⇒576(2)—Judgment, based upon lack of actionable negligence and contributory negligence, held res judicata despite alterations in deposition controlling as to contributory negligence.

Though certain alterations had been made after signing of deposition which controlled decision upon issue of contributory negligence, where ruling of majority of court was based upon lack of actionable negligence upon the part of defendant as well as contributory negligence of plaintiff, judgment was res judicata.

2. Negligence ⌾⇒44—Actionable neligence of store proprietor held not shown.

In action for injury when plaintiff slipped and fell on wet spot while leaving the store of defendant, where evidence did not definitely show how liquid got upon floor or whether defendant or employee knew of it being there, or how long liquid had been there, held, actionable negligence upon defendant's part was not shown.

3. Negligence ⌾⇒32(1)—Merchant not insurer of safety of patron.

Merchant is not insurer of safety of patrons of his store while upon premises, but is bound to exercise due care to protect them from accidents due to slipperiness of floor.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Suit by Annie Graham against the F. W. Woolworth Company, Inc. From a judgment for defendant, plaintiff appeals. Affirmed.

John T. Hill, of El Paso, for appellant.
Lea, McGrady, Thomason & Edwards, of El Paso (Edwin C. Markel, of Philadelphia, Pa., of counsel), for appellee.

HIGGINS, J. Appellant brought suit against the appellee to recover damages resulting from personal injuries alleged to have been caused by the negligence of appellee. She recovered judgment in the sum of $2,500. Appellee appealed to this court, which reversed the judgment and rendered same in favor of appellee. Woolworth Co. v. Graham, 257 S. W. 574. Mrs. Graham's application for a writ of error was dismissed by the Supreme Court for want of jurisdiction, and the judgment of this court became final. Subsequently the present suit was brought based upon the same cause of action asserted in the former suit. In avoidance of the former judgment she pleaded that upon the former trial she testified by deposition; that her answers to the forty-sixth and forty-seventh cross-interrogatories propounded to her by the defendant had been falsely and fraudulently altered by interlineation and incorporated in the statement of facts presented to this court upon the former appeal, and the judgment of this court was based upon the false and fraudulent statement of her testimony so presented.

Upon trial a verdict against her was returned in response to a peremptory instruction, and judgment was rendered accordingly. She appeals and assigns error to the charge given. For two reasons the charge was properly given.

1. The evidence discloses the deposition was taken by the notary upon written interrogatories propounded to her by her counsel and crossed by the appellee's attorneys. The notary took her answers in shorthand, returned to his office, and transcribed the same upon a typewriter. He returned to plaintiff's residence, where she signed the deposition, and the same was filed. With reference to the circumstances under which the interlineation complained of was made the notary testified:

"This portion written in ink, in the answers to the forty-sixth and forty-seventh cross-interrogatories, is in my handwriting. As I recall it, I went up originally to take this deposition with Judge Davis accompanying me, took it down in shorthand, the answers to these questions propounded by myself, and brought them back to my office and transcribed them. I then took them up there to be read

over and signed by the witness, and, as I recall it, when coming to these questions, in reading the questions back to her the second time and letting her observe her answers which I had written, that this answer that I had written on the typewriter did not answer the question, and, as I remember it, I asked her if she could answer that she had testified in the previous trial to that, it called for a 'yes' or 'no' answer. And then, as I recall it, she said, 'yes,' but it was damp, so I interlined that in my handwriting. This interlineation was made by me in the presence of Mrs. Graham, before she swore to that deposition. The interlineation in the answer to the forty-seventh cross-interrogatory occurred in a similar way. The answer, as I had written it, after reading the question back to her for her comparison with her answers, seemed to me that it did not respond to the question, and I thought I should get a response, so I asked her the same question over, and she said, 'yes,' and went on to add the rest of it. After those interlineations had been made in my handwriting, I swore the witness to her answers, and she then signed her name to her answers."

Mrs. Graham and her daughter testified that when the deposition was signed it contained no interlineation, and denied the notary's testimony concerning the same. The interlineation complained of was an affirmative answer, showing, in connection with the question, that, when plaintiff undertook to leave the Woolworth store, she saw that the tiling outside of the door in front of her was wet.

Upon the appeal in the former action there was an agreed statement of facts, and the opinion was written by Chief Justice Harper. The judgment was reversed and rendered upon two grounds: First, because actionable negligence upon the part of the defendant was not shown; second, because the plaintiff was guilty of contributory negligence as a matter of law. The present writer dissented from the first ruling, and with some doubt concurred in the ruling upon contributory negligence.

[1] It must be conceded that the judgment of this court upon the issue of contributory negligence in the former suit was controlled by the interlineation complained of, but it is entirely plain that the same related solely to the issue of contributory negligence. The fact that Mrs. Graham was shown to have seen the wet spot upon the tiling before she stepped upon it had no bearing whatever upon the issue of negligence upon the part of the Woolworth Company. The ruling of the majority of this court in the former suit upon the issue of actionable negligence upon the part of the Woolworth Company could not have been in any wise affected by the alleged alteration, and the conclusive effect of the former judgment is therefore not avoided by such alteration. That judgment is res adjudicata in the present action.

2. The plaintiff entered the defendant's store for the purpose of making a purchase. There were passageways leading from the doors of the store to the sidewalk. These ways were between the street show windows, and were floored with tile. Between the sidewalk and one of the doors, and about four or five feet from the door, there was a wet spot upon the tile. As plaintiff passed out of the store she stepped upon this spot, slipped, and fell, injuring herself. With reference to the spot it was alleged in her petition "defendant permitted a liquid of honey almond cream, or some similar liquid, that made said passage slippery, and particles of a broken bottle, to remain in said passageway."

Upon the trial in the former suit it was shown that defendant's assistant manager knew of the presence of the liquid upon the floor and the broken bottle, and he had called the porter to clean the place, and the latter had undertaken to do so prior to the time plaintiff was injured.

Upon the trial in the present suit there is a complete failure to show that defendant or any employee knew of the presence of the liquid upon the floor of the passageway prior to the time of plaintiff's injury, nor is there anything to show how long the liquid had been there. The evidence does not definitely show how the liquid got upon the floor. The only reasonable inference is that the bottle containing the same was dropped by some one going in or out of the store, and, so far as this record discloses, this may have happened just a few moments before the plaintiff stepped upon the spot.

[2, 3] A merchant is not an insurer of the safety of the patrons of his store while upon the premises. He is bound to exercise due care to protect them from accidents such as happened to the plaintiff, but no breach of that duty to this plaintiff is shown, in the absence of any evidence of notice to the defendant of the broken bottle and liquid on the floor, or that it had been there long enough to charge defendant with notice of its presence, and time to remove the liquid and broken glass, or otherwise safeguard those using the passageway. De Velin v. Swanson (R. I.) 72 A. 388; Norton v. Hudner, 213 Mass. 257, 100 N. E. 546, 44 L. R. A. (N. S.) 79; John Thompson Grocery Co. v. Phillips, 22 Colo. App. 428, 125 P. 563; Schnatterer v. Bamberger, 81 N. J. Law, 558, 79 A. 324, 34 L. R. A. (N. S.) 1077, Ann. Cas. 1912D, 139; Dudley v. Abraham, 122 App. Div. 480, 107 N. Y. S. 97; Reeves v. Fourteenth St. Store, 110 App. Div. 735, 96 N. Y. S. 448.

For the reason indicated, actionable negligence upon the defendant's part was not shown.

Affirmed.