## CRUMP et al. v. HELLAMS et al.
### No. 12490.

Court of Civil Appeals of Texas. Fort Worth. June 20, 1931.

T. R. Boone and E. T. Duff, both of Wichita Falls, for appellants.

P. B. Cox, of Wichita Falls, for appellee.

DUNKLIN, J.

■ E. M. Crump and C. G. Crump, composing the partnership firm of Crump Brothers, were engaged in the retail grocery business in the city of Wichita Falls. The manner of conducting the business was indicated by the trade-name employed by the defendants of "E-Z Self Serving Grocery Store." The store was so arranged that customers might pass up and down the building in making their selections of goods and merchandise which they desired to purchase. In the rear end there was a large refrigerator equipped with eight doors which opened into shelves where milk, cream, butter, veg-

etables, and other products were kept. Those compartments and the doors opening into them were arranged one above the other. The compartments in which the articles were kept extended from the front to a depth of 20 to 24 inches, and the lower compartment was from 2 to 4 inches from the floor. The next compartment above that one was from 18 to 20 inches above the floor, and the next one a corresponding distance above that.

Mrs. Addie Hellams was a customer of the defendant's store, and on or about May 11, 1929, she entered therein with the implied consent and permission of the owners; she went to the refrigerator for the purpose of making a purchase of milk products. She opened the door of the lower compartment, and while stooping over, as she was compelled to do in order to inspect and take therefrom certain articles therein, one John M. Fox, another customer, opened an upper door of the refrigerator and swung it back above Mrs. Hellams' body without giving her any warning of his act in so doing. After Mrs. Hellams had procured the milk products from the lower compartment, and without warning that the door above her had been left or held open, she straightened up and her back came in contact with that door and by reason thereof she sustained serious and painful injuries.

Mrs. Hellams and her husband, T. M. Hellams, instituted this suit against the members of the partnership firm operating the store and also John M. Fox to recover damages for the injuries she sustained. A joint and several judgment was rendered in favor of plaintiffs against the defendants John M. Fox and the members of the partnership firm for the sum of $500. The judgment against Fox was by default and he has prosecuted no appeal; but the Crump Brothers have prosecuted this appeal from the judgment against them.

The cause of action alleged against Fox was for negligence in opening and leaving open the refrigerator door which caused Mrs. Hellams' injuries. The allegations of negligence on the part of the Crump Brothers, which were sustained by the findings of the jury, were (1) in failing to give any warning to customers using the refrigerator not to open the top doors of the same while another customer was using the lower compartment; (2) in failing to give notice to Mrs. Hellams and John Fox of the danger, if any, of two customers using the refrigerator at the same time; (3) in failing to have some one present to warn Mrs. Hellams and Fox of the danger of opening one of the top doors of the refrigerator while she was using the lower compartment. The jury further found that each of the acts of negligence so found by them was the proximate cause of Mrs. Hellams' injury; and there were further findings exonerating Mrs. Hellams of the charge of contributory negligence in several particulars pleaded by the Crump Brothers.

The evidence showed that the refrigerator was of the same pattern as those used in all stores of like kind operated by other dealers, and of the same pattern of those ordinarily used in homes; that each of the doors of the refrigerator was swung with springs attached so that when turned loose by a customer after being opened would instantly close by the force of the springs; that the accident happened about 11 or 12 o'clock in the day; that there were signs posted in the store in conspicuous places that the store was a self-serving store; that Mrs. Hellams was a mature woman, who had often used this same refrigerator and knew the self-serving plan upon which the store was operated; that while she was attempting to take from the lower compartment of the refrigerator some milk products, the defendant John M. Fox, who was another customer, and with whose acts appellant was in no wise connected, opened the door of the upper compartment, and when Mrs. Hellams attempted to arise from her stooping position her back struck the open door just above; and that neither of the Crump brothers was present at the time of the accident or had anything to do with the opening of the door by Fox.

Appellants have assigned error to the refusal by the court of their request for an instructed verdict in their favor, and we have reached the conclusion that the assignment should have been sustained.

In 45 Corpus Juris, p. 639, it is said: "There can be no actionable negligence in the absence of some duty which has been neglected or violated, and hence in order that a person may have a cause of action on account of an injury to person or property resulting from negligence it is necessary that the act or omission complained of should have involved some breach of duty owed to him or to the person whom he represents by the person of whose negligence he complains." And in the same volume, page 647, it is said: "The duty, breach of which may constitute negligence, must be a legal duty, and not a mere moral duty." And again on page 910 it is said: "Passive negligence may constitute proximate cause if it is the direct cause of the injury. But where the negligence of one person is merely passive and potential, while the negligence of another is the moving and effective cause of the injury, the latter is the proximate cause and fixes the liability."

Another rule is that to support a recovery for negligence it must appear that the injury should reasonably have been foreseen as a probable consequence of the act or omission constituting negligence. 45 Corpus Ju-

ris, p. 913 et seq., in which many cases are cited to support the text, such as T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162; City of Dallas v. Maxwell, 248 S. W. 667, 27 A. L. R. 927, by the Commission of Appeals.

In 29 Cyc. p. 471, in discussing the necessity of protecting dangerous places or instrumentalities for the safety of those rightfully there, the following is said: "No precautions are necessary where the danger is obvious and unconcealed, or known to the person injured, or where it was the duty of the person injured to do the thing, failure to do which caused the injury."

We quote the following from 1 Cyc. p. 647: "That one should so use his own as not to injure another is an approved maxim of the common law. The very idea of property, however, involves the common principle of the property itself being used and enjoyed in the manner most advantageous to its possessor, and the maxim is construed to mean that damage resulting from reasonable and ordinary use alone will not constitute a legal injury."

In Texas Loan Agency v. Fleming, 92 Tex. 458, 49 S. W. 1039, 44 L. R. A. 279, a judgment, in favor of a tenant of a rooming house for injuries sustained as the result of walking through a door of the second story which was not protected by any bars or guards, was reversed by our Supreme Court upon the conclusion reached that no actionable negligence was shown.

The following excerpt from 20 R. C. L. § 52, p. 56, is especially applicable here: "The mere ownership of land or building does not render one liable for injuries sustained by persons who have entered thereon or therein; the owner is not an insurer of such persons, even when he has invited them to enter. Nor is there any presumption of negligence on the part of an owner or occupier merely upon a showing that an injury has been sustained by one while rightfully upon the premises. The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted. In the language of Mr. Justice Harlan (Bennett v. Louisville & N. R. Co., 102 U. S. 577, 26 L. Ed. 235), the owner is liable to invited persons for injuries 'occasioned by the unsafe condition of the land or its approaches, if such condition was known to him and not to them, and was negligently suffered to exist, without timely notice to the public or to those who were likely to act upon such invitation.' * * * And, hence, there is no liability for injuries from dangers that are obvious, or as well known to the person injured as to the owner or occupant. Accordingly, it has been held that the rule of liability to invited persons has no application to a case where a person who, from his experience through many years in a sailing vessel, knows that it is customary to leave the hatchways of vessels open while lying in port."

In F. W. Woolworth v. Graham (Tex. Civ. App.) 257 S. W. 574, and again reported in (Tex. Civ. App.) 277 S. W. 223, it was held that a storekeeper was not liable for injuries suffered by his customer as the result of slipping and falling on a wet spot in the floor.

Many other decisions might be cited to the same effect, such as Chilberg v. Standard Furniture Co., 63 Wash. 414, 115 P. 837, 34 L. R. A. (N. S.) 1079; Dolan v. Callender, McAuslan & Troup Co., 26 R. I. 198, 58 A. 655, by the Supreme Court of Rhode Island; and Fry v. Hillan (Tex. Civ. App.) 37 S. W. 359.

Indeed, it appears that the injury to Mrs. Hellams was due solely to the negligence of defendant John M. Fox in opening the door of the refrigerator at the time he did open it, and that his act in so doing could not have been foreseen by appellant as likely to occur any more so, and probably not as much so, as by Mrs. Hellams herself who evidently knew of his presence at the time.

Accordingly, the judgment of the trial court against the appellants is reversed, and judgment is here rendered that plaintiffs take nothing of them, and that appellants recover their costs against those plaintiffs, both in the trial court and in this court.

The judgment in favor of plaintiffs against defendant John M. Fox is left undisturbed.