**FORT WORTH & D. C. RY. CO. v. HAMBRIGHT.**

No. 5045.

Court of Civil Appeals of Texas. Amarillo. June 19, 1939.

Rehearing Denied July 10, 1939.

Luther Hudson and Thompson & Barwise, all of Fort Worth, and Tatum & Tatum, of Dalhart, for appellant.

Works & Bassett, of Amarillo, and Art Schlofman, of Dalhart, for appellee.

STOKES, Justice.

This suit was filed by appellee April 19, 1938, against appellant for damages for personal injuries received by appellee shortly after midnight December 14, 1937. The facts disclosed by the record are, substantially, that appellee was employed by Dalhart Transfer Company as driver of a taxi cab. His duties also involved the driving of a small pick-up truck used by the Transfer Company in a general transfer busi-

ness at the town of Dalhart. A day or two prior to the 14th, considerable snow and sleet had fallen in the vicinity and a light mist and some snow had fallen on that day. In addition to, and in connection with, the transfer business, the Dalhart Transfer Company had a contract with appellant under which in cold weather the employees of the Transfer Company placed heating stoves in refrigerator cars containing fruit, vegetables and other susceptible commodities in order to prevent damage or destruction from freezing. About midnight, December 14, 1937, an employee of appellant telephoned from the railway station to appellee at the transfer barn, requesting appellee immediately to come to the station and place stoves in a car containing bananas. Appellee went to the station in his company's pick-up truck for the purpose of procuring the stoves from the warehouse and placing them in the banana car. Upon reaching the station he backed the small truck up to the warehouse door, alighted, and in proceeding to or entering the door of the warehouse he alleges he slipped and fell, the fall resulting in a fractured hip. Appellee alleged that snow and ice had accumulated around the warehouse door and his suit is based upon alleged negligence of the railway company in not removing the snow and ice and in permitting the same to remain in and around the door which, he alleges, caused him to slip and fall.

Appellant answered by the general issue and specially pleaded the weather conditions from which snow and ice had accumulated in the streets, sidewalks and upon adjacent premises, including the railway station; the general knowledge of such conditions, and that if snow and ice had accumulated around the door of the warehouse, appellee knew of it or by the exercise of ordinary care could have known of its presence; that prior to six o'clock in the evening its employees had removed all ice and snow from the door and approach to the warehouse and had fulfilled any duties or obligations it owed to plaintiff or anyone else in connection therewith. It alleged contributory negligence in this regard and that if ice or snow had accumulated at the door and approach to the warehouse, such conditions were known to appellee at the time and before he attempted to enter the warehouse.

The case was submitted to a jury upon special issues, in answer to which the ju-

ry found that appellee fell and was injured as alleged by him; that snow and ice had accumulated at the approach to the warehouse and that his fall and injury were occasioned thereby. They further found that appellant's agents knew of the presence of the snow and ice a sufficient length of time to have removed the same in the exercise of ordinary care; that they failed to do so and that such failure was negligence which proximately caused the injury. The jury further found that appellant had permitted snow and ice to remain at the approach which they also found was negligence proximately causing the injury. They exonerated appellee of any contributory negligence in approaching the warehouse; found the injury was not the result of an unavoidable accident, and that appellee had been damaged in the sum of $1587.60.

Judgment was entered by the court in favor of appellee for the amount of damages found by the jury and its motion for a new trial being overruled, appellant duly excepted, gave notice of appeal, and the case is now before us for review.

Appellant presents the case in this court upon nine propositions of law supported by appropriate assignments of error, but in the view we take of the case it will not be necessary to discuss all of them. The pertinent contentions presented by appellant and upon which it contends the judgment should be reversed are, first, that appellee being an invitee upon the premises of appellant and knowing the condition of the premises, there was no issue of fact for the jury and the court erred in refusing to instruct the jury to return a verdict in its favor. Secondly, appellee being an invitee, the court erred in refusing to submit to the jury special issues requested by it as to whether or not appellee knew of the presence of ice and snow at the approach to the warehouse door. Thirdly, error in the definition given of "new and independent cause" and, fourthly, error in submitting the same issues of fact in two separate series of questions.

█ We cannot accede to the first contention made by appellant. There is no question, we think, that, when appellee received the injury, his relationship to appellant was that of an invitee upon appellant's premises. Appellee was not employed by appellant but was working for the Dalhart Transfer Company with whom appellant had a contract under which the

Transfer Company, when requested, was obligated to install heating stoves in refrigerator cars being transported on appellant's railway. On the occasion in question appellee had been requested by appellant's employee at the station to come to the station for the purpose of discharging the duties of his employer. He was, therefore, an invitee, and the rights and duties of both parties are governed by the law pertaining to such relationship.

It is well established in this and many other jurisdictions that the mere ownership of lands or buildings does not render the owner liable for injuries that may be sustained by those who enter thereon. He is not an insurer of such persons even though he invites them to enter his premises. Furthermore, the doctrine of res ipsa loquitur does not apply to such an owner when it is shown only that an injury has been sustained by those who are rightfully upon his premises. The only condition under which such an owner is liable to those whom he invites upon his premises are when dangerous and unsafe instrumentalities or conditions exist and are known to him and not known to such invited persons and they are injured by such instrumentalities or conditions. It follows that if a person is injured under such circumstances and the instrumentality or condition by which he was injured is as obvious or well known to him as it is to the owner of the premises, no liability exists for such injury and the law will allow him no recovery therefor. Shawver v. American Ry. Express Co., Tex.Civ. App., 236 S.W. 800; Crump v. Hellams, Tex.Civ.App., 41 S.W.2d 288.

We know of no better statement of the law in respect to this principle than was made by Justice Graves in the case of Galveston, H. & H. Ry. Co. v. McLain, Tex. Civ.App., 218 S.W. 65, 67. In that case the plaintiff was employed by a warehouse company. In discharging their duties it became necessary on frequent occasions for the employees of the warehouse company to move cars upon a dilapidated side track belonging to the railway company and located alongside the warehouse. In doing this some of the employees pushed the cars from the side and others pushed from the rear which necessitated walking between the rails. On the occasion of his injury, McLain was engaged in this duty, walking between the rails pushing the railway car at its rear when his trousers were pierced by a sliver sticking up from one of the rails which held him so that another car coming from behind struck and injured him. He admitted that he knew of the slivers sticking up from the dilapidated and worn-out rails both before and at the time of his injury. In the trial court he recovered judgment for a considerable sum of money and in reversing and rendering the case the Court of Civil Appeals said: "If then, * * * the only reasonable appraisement of his entire testimony is that the appellee—whether it dominated his consciousness at the very time he stepped behind and began pushing the empty car or not—did have full advance knowledge of the defective conditions he founds his cause upon, as we have concluded it is, could he —sustaining only the relation of an invitee upon its track—nevertheless recover damages against the railroad company resulting as a consequence of its merely permitting him to come upon and use the track in the dilapidated condition he knew as much about as it did? We think not, concluding rather that a case of actionable negligence is not shown." A writ of error was refused by the Supreme Court in that case and the doctrine therein enunciated has been adhered to by our courts in a long list of cases, of which the following are only examples: Crump v. Hellams, supra; Graham v. F. W. Woolworth Co., Tex.Civ.App., 277 S.W. 223; Crystal Palace Co. v. Lenox, Tex.Civ.App., 299 S.W. 703; Marshall v. San Jacinto Bldg., Inc., Tex.Civ.App., 67 S.W.2d 372; Jones v. Beck, Tex.Civ.App., 109 S.W.2d 787. In four of the cited cases writs of error were refused by the Supreme Court and we do not believe there is a principle of law that is better established in this state than the one we have expressed.

Such being the law it becomes necessary to ascertain from the record whether or not appellee is amenable to it. According to his testimony he had worked for the same company a number of years before and had been employed in the same work continuously for five years prior to his injury. He drove a taxi cab and met the trains at appellant's station twice each night. It had been snowing at Dalhart for some two or three days. Snow covered the ground everywhere and appellee had been to the station and met two trains on the evening of the 14th, one about eight o'clock and the other some two and a half hours later. On one of these occasions he

440

testified he went to within twenty 'feet of the warehouse door and he testified specifically as to the conditions existing around the station between the track and the warehouse. When he was called to the station at midnight and after backing his truck up to the warehouse door, he got out of the truck and at that time, according to his testimony, he was within about ten feet of the warehouse door. It was not shown by the testimony that he saw snow and ice around the entrance to the warehouse nor that he actually knew it was there. Appellant bases its first contention in which it assigns error of the court in not instructing the jury to render a verdict in its favor, upon the inference which it says is inevitable that appellee knew there was ice and snow at the door of the warehouse because it was shown, and he admitted, there was ice and snow at every other place in the vicinity of the station and all over the city of Dalhart. Under the holdings of our courts in the cases above cited, if it had been shown appellee knew the actual conditions at the door of the warehouse as well as appellant or any of its employees could have known them, and there had been no substantial testimony to the contrary, it would have been the duty of the court to instruct the jury to return a verdict in favor of appellant. Inasmuch as such knowledge on his part was not clearly shown, however, we think the question falls short of becoming one of law and, therefore, the court was not warranted in giving such peremptory instruction. The first contention of appellant and its assignments of error in respect thereto are, therefore, overruled.

Under the second contention of appellant the question of whether or not the knowledge of appellee of the conditions which existed at the warehouse door is raised. Appellant prepared and submitted to the court with the request that they be submitted to the jury its special issues Nos. 3 and 9. These issues were designed to elicit findings from the jury as to whether, prior to his fall, appellee knew he would walk on ice in going to the baggage room door and whether or not, prior to his fall, he knew of the condition of the platform near the baggage room door. Appellant's request for these issues was refused and we think in refusing them, in the absence of similar issues in the main charge, the court committed error for which the judg-

ment will have to be reversed. We have held that the question of appellee's knowledge of the conditions at and around the warehouse door was not sufficiently shown to make of it a question of law so that the court would have been warranted in giving to the jury a peremptory instruction in favor of appellant. What we have said in discussing that phase of the case shows, however, that such knowledge on the part of appellee was an ultimate question of fact. Indeed, in view of the well established principles of law as reflected by the opinions in the cases above cited, it was one of the principal and controlling issues in the case. Appellant was not an insurer of appellee while discharging the duties incident to his employment. Under some conditions it is bound, nevertheless, to exercise care to protect him from injury such as that which happened on the occasion in question. In the absence of knowledge on the part of appellee of the slippery conditions which must have existed in and near the warehouse door, it became the duty of appellant to inform him thereof. If appellee did not know of such conditions and appellant did not inform him thereof, then a condition would be presented in which appellant had superior information concerning the dangerous condition, which information was not possessed by appellee, and appellant would be liable to him for any injury that resulted from its negligence in failing to inform him of the danger. On the other hand, if appellee knew, or in the exercise of such care as would have been exercised by an ordinarily prudent person under the same or similar circumstances, he would have known of such dangerous conditions, then obviously it would not have been of any benefit to him for appellant to have informed him because it would simply have been giving him information which he already had. It will be seen, therefore, that the question of whether or not appellee knew, or in the exercise of such care as would have been exercised by a person of ordinary care and prudence under the same or similar circumstances, he would have known that ice or snow was on the ground or platform in and around the door of the warehouse, was an important one. It being an important question of fact, the court should have included it in the special issues submitted to the jury. Appellant duly requested the court to submit the issues, prepared special issues and submitted them to the court with its request that they be submitted to

the jury and discharged its full duty to the court in that respect. The request was refused and in refusing to submit such issue to the jury the court, in our opinion, was in error.

The third contention made by appellant pertains to the definition given to the jury of the phrase "new and independent cause." In the view we take of the case it is not essential that this question be passed upon. We have searched the record carefully and fail to find any pleading or evidence raising the question of new and independent cause. We think the definition given by the court was subject to the criticism made of it by appellant because it was susceptible of the interpretation that such new and independent cause, in order to become a defense, must be equivalent to the sole or only cause of the injury. The issue of "new and independent cause" not being in the case, it was not necessary to include in the charge a definition of that term. It is probable the court deemed the definition necessary because of its use in defining "proximate cause." The rule is that, where the issue of new and independent cause is not involved, it is not necessary to use that term in defining "proximate cause." By confining the definition of the latter phrase to the issues made, therefore, the necessity of giving a definition of the former may be entirely eliminated and we think such is decidedly the better practice. Greer v. Thaman et al., Tex.Com.App., 55 S.W.2d 519; Texas Motor Coaches, Inc. v. Palmer et ux., Tex.Sup., 121 S.W.2d 323. For an approved definition in such cases, see Karotkin Fur. Co. v. Decker, Tex.Com. App., 50 S.W.2d 795.

Under the fourth and last contention made by appellant complaint is made of the submission of appellee's cause of action in two separate series of special issues. Under the first series consisting of special issues Nos. 1(a) to 1(h), the court sought to elicit findings from the jury as to whether or not appellant was negligent in failing to remove the snow and ice from its platform. Under special issues Nos. 2(a), 2(b) and 2(c) the court inquired of the jury as to whether or not appellant was negligent in permitting ice and snow to remain upon its platform. It would seem appellant's contentions in this respect are not without merit. Appellee was entitled to have his cause of action submitted to the jury and certainly it was

the duty of the court to submit all questions of fact raised by the pleadings and evidence; but appellee was not entitled to have the same controversy submitted in two different forms. From the record before us we are not warranted in the positive conclusion that the snow and ice referred to in the first series of special issues were the same snow and ice referred to in the second series but, if they were, we think the court committed error in submitting the second time special issues concerning their presence.

For the error discussed under the second contention made by appellant, the judgment of the court below will be reversed and the cause remanded.