## McAFEE et al. v. TRAVIS GAS CORPORATION et al.

### No. 10533.

Court of Civil Appeals of Texas. San Antonio.

June 28, 1939.

Rehearing Denied July 26, 1939.

Albert W. Searcy, J. M. Wilson, and Lewright, Dyer & Sorrell, all of Corpus Christi, for appellants.

Coleman Gay, of Austin, and D. S. Purl, and T. H. Burruss, both of Corpus Christi, for appellees.

MURRAY, Justice.

This suit was instituted by the appellant, Seldon E. McAfee, against appellees, Travis Gas Corporation, and D. C. Reed and E. H. Perry, co-partners, doing business as Reed & Perry, seeking to recover damages for personal injuries alleged to have been sustained by him on or about June 13, 1936, when gas escaping from a gas pipe line was ignited by Joe Woods' striking a match on the sole of his shoe in close proximity of the gas leaks.

The appellant Texas Employers Insurance Association intervened alleging payment to S. E. McAfee, under its policy of Workmen's Compensation Insurance, duly issued to Federal Petroleum Company (McAfee's employer) in the sum of $1,777.08, and seeking subrogation to this amount in the event McAfee should recover, and further asking for the sum of $500 as attorney's fees.

The case was tried to a jury. At the conclusion of the testimony of all parties, upon motion duly made, the jury were instructed to return a verdict in favor of appellees, D. C. Reed and E. H. Perry, and the partnership of Reed & Perry, which verdict was accordingly returned by the jury.

The case as to the remaining defendant, Travis Gas Corporation, was then submitted to the jury on special issues and the following findings made, to-wit:

"1. That the Appellee Travis Gas Corporation failed to carefully inspect for leaks in the section of pipe line adjacent to and near the Federal Petroleum Company warehouse premises over a period of several months just prior to June 13, 1936; that such failure was negligence and a proximate cause of the injuries to the appellant.

"2. That the Appellee Travis Gas Corporation failed to repair leaks in that section of pipe line adjacent to and near the Federal Petroleum Company warehouse premises over a period of several months just prior to June 13, 1936; that such failure was negligence and a proximate cause of the injuries to the Appellant.

"3. That the Appellee Travis Gas Corporation was notified long prior to June 13, 1936, that the gas line near the Federal Petroleum Company warehouse was leaking; that in spite of such notification, it failed, over a long period of time just prior to that date, to repair the same; that such failure was negligence and a proximate cause of the injuries to the Appellant.

"4. That the occurrence in question was not the result of an unavoidable accident.

"5. That the Appellant S. E. McAfee went on the premises, after he knew of the leaks and of the dangerous condition of said premises, but that such act was not negligence and not a proximate cause of the injuries to the Appellant.

"6. That syphilis is not the sole proximate cause of the impairment to the Appellant's health since June 13, 1936.

"7. That the burning of the accumulated oils or gasoline at or near the pipe line of the Travis Gas Corporation was not the sole proximate cause of the impairment in Appellant's health since June 13, 1936.

"8. That the Appellant S. E. McAfee failed to observe that Joe Woods had an unlighted cigarette in his hand or mouth, if he did have one; that such failure was not negligence and not a proximate cause of the injuries to the Appellant.

"9. That Joe Woods struck a match in close proximity to the gas leaks, but that the Appellant did not fail to jump back after he did so.

"10. That the striking of the match in question was not the sole proximate cause of the explosion.

"11. Finding damages in the total sum of $15,674.75."

Appellee, Travis Gas Corporation, filed a motion for judgment non obstante veredicto. This motion was also granted by the court and judgment accordingly entered to the effect that Seldon E. McAfee and the Texas Employers Insurance Association take nothing by reason of this suit and from this judgment they have appealed.

We will hereafter refer to Seldon E. McAfee as appellant, and it will not be necessary to further mention the Texas Employers Insurance Association, as it can recover only in the event McAfee should recover.

■ It is clear that the findings of the jury were favorable to Seldon E. McAfee and judgment should have been rendered in his favor, unless the court was justified in entering judgment non obstante veredicto. We, therefore, believe this case can be best discussed by first considering appellees' counter-propositions.

The record shows that Reed and Perry were the owners of the gas well from which the gas pipe line secured its gas. The gas pipe line was operated by the Travis Gas Corporation. Joe Woods was an employee of Reed and Perry and he was required, while on duty, to remain at the well and turn the gas 'off in case of any emergency. The gas pipe line ran near to the property of the Federal Petroleum Company, where there had been leaks in the pipe line for some time and such fact had been reported to and was well known by the operators of the Pipe Line Company. On June 13, 1936, Joe Woods came to the warehouse of the Federal Petroleum Company and asked McAfee to show him where the leaks were. Appellant attempted to prove that Joe Woods stated that he was an employee of the people who owned the gas line, but this testimony was excluded by the trial judge on the ground that it was an attempt to prove agency by the declarations of the agent. Woods and McAfee went out to the gas line, but it is not clear whether they remained upon the premises of the Federal Petroleum Company or were over on the right-of-way of the gas line, in either event McAfee leaned over, and with his face near the ground began to point out the leaks, at this moment Joe Woods struck a match on the sole of his shoe, close to the ground, thus igniting the gas and injuring McAfee. McAfee was a truck driver for the Federal Petroleum Company, and it was not shown that it was a part of his duties to point out these leaks to Woods.

McAfee testified, among other things, as follows:

"Q. You naturally did not consider it very dangerous? A. We naturally did, or we would not have done anything about it.

"Q. Do you mean to say that you thought that something like that would happen? A. Why not, with natural gas shooting up all around the place.

"Q. You did anticipate that something like this would happen? A. It was liable to.

"Q. You knew that at the time you went out with Joe Woods? · A. Yes.

·"Q. You voluntarily exposed yourself to the danger by going out and pointing out that leak? A. I felt obligated to my company to do that.

"Q. Knowing that the thing that did happen was apt to happen? A. I did not know it was going to happen, or I would not have gone.

"Q. You knew it was going to happen when you went out there? It was your testimony that you realized two years that was a dangerous condition there and in spite of that you voluntarily went out· and exposed yourself to that danger? · A. When I went out and showed him where the leaks were I did, yes."

From this testimony it becomes apparent that appellant, McAfee, had equal, if not superior, knowledge with the appellee Travis Gas Corporation concerning the leaks and the dangers connected therewith. Under such circumstances it is difficult to understand how the Pipe Line Company could be guilty of negligence in permitting these leaks in its pipe line to exist, proximately causing appellant's injuries, and at the same time for appellant, with equal or superior knowledge of all the dangers, not to be guilty of contributory negligence in voluntarily going to where he knew the leaks existed. It would be just as easy for McAfee to foresee that Woods might strike a match as it would be for the manager, or other officers, of the Pipe Line Company to foresee such a happening.

■ In 20 R.C.L. 57, it is stated: "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not known to the person injured that a recovery is permitted."·

This doctrine applies to both trespassers and licensees. It is clear that a warning would have been useless because McAfee testified in effect that he thought that something might happen similar to that which did happen. It is true that he further stated that if he had known what was going to happen he would not have gone to where the leaks were. Of course, if he had gone to the leaks knowing what was going to happen he would have been guilty of wilfully exposing himself to injury, but going to where the leaks were, thinking something similar to the explosion was going to happen, would be a failure to use proper care and especially where it was not shown that it was his duty to point out the leaks.

■ Appellant argues that he, as a reasonably prudent man, could not be expected to foresee that Joe Woods, a man employed at the gas well, and who, according to his own statement, came to investigate the leaks, would be so thoughtless as to strike a match near the ground in the proximity of the gas leaks at the very moment that appellant was leaning down with his face near the ground pointing out the leak. The answer to this contention is that the operators of the gas line are in law not presumed to be any more prudent than McAfee is, and if he was unable by the use of ordinary care to foresee that Joe Woods was going to be guilty of such an unexpected act, then by the same token the operators of the gas line could not be expected by the use of ordinary care to foresee that Woods was going to so conduct himself. Either the appellee was not guilty of negligence proximately causing the injuries to appellant, or appellant was guilty of negligence proximately causing his own injuries. It is not necessary to here decide which, as appellant could not recover in either event.

The trial court properly granted the motion for judgment non obstante veredicto in the light of the entire record.

■ Appellant complains because the trial court excluded the testimony with reference to the statement Joe Woods was supposed to have made to the effect that he was the employee of the people who were operating the gas line. This testimony was properly excluded. It was an attempt to show agency by the declaration of the agent. If the proof had shown that Joe Woods was the agent of the operator of the gas line and acting in the course of his employment, quite a different case would have been presented. Recovery might have been had against the operators for the negligence of their agent, but, as

stated above, there was no showing of agency on the part of Woods.

In view of the above holdings the other contentions presented by appellant become immaterial.

The judgment is affirmed.