## BOGGUS MOTOR CO. v. STANDRIDGE.

No. 10709.

Court of Civil Appeals of Texas, San Antonio.

March 13, 1940.

Rehearing Denied April 3, 1940.

Kent & Brown, of Harlingen, for appellant.

J. F. Carl, of Edinburg, and John Q. Adams, of Harlingen, for appellee.

MURRAY, Justice.

This suit was instituted in the District Court of Cameron County, 103d Judicial District, by C. B. Standridge against Boggus Motor Company, a corporation, seeking to recover damages for injuries which he sustained while attempting to dismount

from a truck which was upon a rack in the repair shop of the Motor Company.

The trial was to a jury, who made the following findings, to-wit:

1. That the front end of the truck in question was raised by the defendant acting by and through its employee, Frank Louk, after the plaintiff got into the truck and before he attempted to dismount therefrom.

2. That the truck was so raised after the plaintiff entered the cab so as to permit the same to tilt when the plaintiff undertook to dismount therefrom.

3. That when the plaintiff undertook to dismount from said truck, the same tilted by reason of having been raised as above inquired about.

4. That the aforesaid raising of said truck by defendant's agent or employee, Frank Louk, in such manner as to permit the same to tilt when the plaintiff attempted to dismount, was negligence on the part of the defendant.

5. That such negligence was a proximate cause of the injuries received by the plaintiff.

6. That the failure of defendant to warn plaintiff after plaintiff got in the cab that the front end of the truck had been raised after the plaintiff had entered the cab of the truck, constituted negligence, and that such negligence was a proximate cause of the injuries complained of by the plaintiff.

7. That the plaintiff's act in attempting to dismount from the truck backwards did not constitute negligence.

8. That the plaintiff did not fail to maintain a reasonable lookout for his own safety at and immediately prior to the accident in question.

9. That the sum of $2,000 would reasonably compensate the plaintiff for his injuries.

Judgment was entered accordingly and the Boggus Motor Company has prosecuted this appeal.

Appellant's first proposition presents the contention that when appellee, Standridge, entered the truck while it was on the elevated rack he left a place of safety and went into a place where he knew it was dangerous, and where he was not invited but was at most only a licensee, and there received an injury, he was guilty of contributory negligence as a matter of law.

The evidence shows that appellee took his truck to appellant's garage for the purpose of having certain repairs made on the truck. It was turned over to an employee of appellant and by him driven upon an elevated rack. Appellee was then shown what repairs would be necessary and he left the repair shop to go to the front of the garage to telephone to his wife to come for him. He then remembered that he had left a small bag of peaches and some letters in the truck which he wished to take home with him. He returned to the repair shop and asked leave of one of appellant's employees to enter the truck and get the peaches and the letters. Consent was given him; however, it is not shown that the employee had authority to give such consent. He entered the cab of the truck and secured his packages. While he was thus engaged, according to the finding of the jury, an employee of appellant jacked up the front end of the truck so that when appellee attempted to dismount the truck tilted and caused him to fall to the cement floor and fracture his skull. Appellee testified that he knew it was dangerous to enter the truck while it was on the rack, and especially if it was "tinkered with" while he was in it, and that he felt certain motions and heard certain noises while he was in the cab.

Appellant cites a great many cases to the effect that where one not suffering under some disability goes upon the premises of another as a licensee, knowing that such premises are dangerous, and is injured by such known dangers he cannot recover but is guilty of contributory negligence as a matter of law. Typical of these authorities is Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S.W. 375, 31 L.R.A.,N.S., 1218, Ann.Cas.1913A, 111. There a boy got his foot caught in a cotton seed conveyor. He realized the danger when he went into the seed house as a licensee and under these circumstances was held to be guilty of contributory negligence as a matter of law.

The suit at bar is distinguishable from the cases cited by appellant in that here Standridge was injured as the proximate result of the active negligence of appellant's employee, in that he jacked up the front end of the truck while he knew Standridge was temporarily in the truck for the purpose of getting some packages therefrom.

The rule is that an invitee or licensee cannot recover any damages by reason of injuries resulting from a dangerous condition, continuous in its nature, of the premises; but that he can recover, even though those dangerous conditions exist, if his injuries were caused by the active negligence of the licensor or invitor, and were not the result of, or caused by, such continuous dangerous conditions. Houston Belt & Terminal Railway Co. v. O'Leary, Tex.Civ.App., 136 S.W. 601; St. Louis S. W. Ry. Co. v. Balthrop, Tex.Civ.App., 167 S.W. 246.

In the case at bar the question of the contributory negligence of Standridge was submitted to the jury and found favorable to him. This finding of the jury stands unchallenged by any assignment.

Appellant's second proposition reads as follows: "Since, as to the wheel alignment rack and that part of the premises on which it was situated, appellee occupied the status of a licensee, the rule of law governing the proprietor of premises' duty toward invitees is not applicable and appellant was under no obligation to make that part of the premises safe for appellee, and any negligence chargeable to appellant by reason of an alleged new danger would consist, not in the creation of the danger, but in the failure to give notice or warning thereof, and where it is clearly evident from appellee's own testimony that he realized the danger incident to his climbing up and around on the car and rack at the time in question, particularly if it was 'tinkered' with while he was up on it, and he further testifies that he knew it was being 'tinkered' with while he was up there, the failure to give notice or warning, as found by the jury in Special Issues Nos. 6 and 7, could have no effect upon the issue as to responsibility in the face of appellee's actual knowledge, and the trial court erred in overruling appellant's Motion for an instructed verdict and Motion for Judgment Non Obstante Veredicto predicated on the proposition that appellee, a licensee, had neither pleaded or proven a cause of action entitling him to recover in that status."

In view of the fact that appellee was injured not as a result of the dangerous condition of the premises when he entered them, but, rather, by the active negligence of the employee of appellant after he entered the premises, and in view of the further fact that the jury findings are favorable to appellee, this proposition will be overruled.

By his third proposition appellant complains because the trial court did not submit to the jury the issue of unavoidable accident. We overrule this proposition. There is no evidence to show that appellee's injuries were caused by some agency over which neither appellant nor appellee had control. The evidence does show that the injuries were the result of either the negligence of appellant or appellee. Under such circumstances, unavoidable accident is not in the case and the trial judge properly refused to submit it to the jury.

The judgment is affirmed.