## HAUSMAN PACKING CO. v. BADWEY.

### No. 10846.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 22, 1941.
Rehearing Denied Feb. 19, 1941.

Abney & Whitelaw, of Brownsville, for appellant.

Kent & Brown, of Harlingen, for appellee.

MURRAY, Justice.

George A. Badwey instituted this suit against Hausman Packing Company, a private corporation, seeking to recover damages for personal injuries sustained by him when he fell from a refrigerated truck belonging to the Packing Company.

Plaintiff alleged the defendant was negligent in the following particulars:

"(1) In permitting the floor of said truck to become wet and slippery.

"(2) In permitting the step leading from the floor of the truck to the ground to become wet and slippery.

"(3) In failing to have the back of said truck equipped with some character of handhold for the safety and protection of persons getting in and out of said truck.

"(4) In having only one step for the use of customers in getting from the ground to the floor of said truck, a distance of thirty-three (33) inches.

"(5) In permitting the floor of said truck to become worn and in such condition as to be dangerous to persons getting in and out of said truck.

"(6) In failing to warn the plaintiff of the wet, slippery and worn condition of said floor and step."

The trial was to a jury and upon their verdict judgment was rendered in plaintiff's favor in the sum of $5,000, from which judgment defendant, Hausman Packing Company, has prosecuted this appeal.

Appellant contends that the trial court erred in not giving it an instructed verdict.

The record shows that appellee was an invitee in the truck owned by appellant. He entered the truck for the purpose of purchasing meat for his restaurant. In attempting to get out of the truck he slipped and fell out the back end of the truck, thereby sustaining certain personal injuries. Appellant had been operating this truck for some time. The truck was a refrigerated truck with meat hooks on each side. A number of beef carcasses would be hung upon these hooks and appellant's driver would call upon a number of hotel and restaurant owners

for the purpose of selling them meat at wholesale. He would drive up and park near the place of business of his prospective customer, then invite the customer to enter the truck and select such meat as he might desire. Appellant's driver had been calling upon appellee and selling him meat for more than six months. Appellee had entered the truck and selected meat on many occasions. He had ample opportunity to observe the condition of the truck, including the fact that the floor of the truck was often slippery, due to the fact that meat was sometimes cut in the truck causing pieces of meat and bone to fall on the floor, coupled with the drainage from the carcasses hanging in the truck. He also had an opportunity to notice that there was no handhold at the rear end of the truck to assist him in climbing into or alighting from the truck. He also had many opportunities to notice that there was but one step between the floor of the truck and the ground, a distance of some 33 inches. In other words, all of the dangerous conditions with reference to the use of the truck were open and obvious and as well known to appellee as to appellant. There is no allegation that appellee was entrapped or that he was injured as a result of any hidden defect in the truck.

■ It occurs to us that the fact that the place from which appellee fell was a truck is unimportant, it might as well have been a stationary house. As a matter of fact, when the truck was stopped in the alley near appellee's place of business and the brakes applied, it became for the time being a house. The fact that it was resting on wheels or might very easily be set in motion does not change the fact that while appellee was in the truck and trying to alight therefrom it was in every respect similar to a house.

■ The rule is well settled that the owner of premises is not required to keep them safe for invitees in so far as open, obvious and known defects or conditions are concerned. It is only when the conditions complained of are hidden and unknown that the invitee can recover damages for injuries resulting therefrom. Fort Worth Ry. Co. v. Hambright, Tex.Civ.App., 130 S.W.2d 436; Gulf Ry. Co. v. Irick, Tex. Civ.App., 116 S.W.2d 1099; Beeville Cotton Oil Company v. Sells, Tex.Civ.App., 84 S.W.2d 575; Marshall v. San Jacinto Building, Tex.Civ.App., 67 S.W.2d 372; Brockman, et ux. v. J. Weingarten, Inc., Tex.Civ.App., 115 S.W.2d 753; J. Weingarten, Inc. v. Brockman, 134 Tex. 451, 135 S.W.2d 698; McAfee v. Travis Gas Corporation, Tex.Civ.App., 131 S.W.2d 139; Walgreen Texas Co. v. Shivers, Tex.Civ. App., 131 S.W.2d 650; Boggus Motor Company v. Standridge, Tex.Civ.App., 138 S.W.2d 643; F. W. Woolworth Co. v. Graham, Tex.Civ.App., 257 S.W. 574; Graham v. F. W. Woolworth Co., Tex. Civ.App., 277 S.W. 223.

In Marshall v. San Jacinto Bldg., Inc., Tex.Civ.App., 67 S.W.2d 372, 374, it is said: "The trial court ruled correctly in instructing the verdict against appellant. * * * The duty to keep premises safe for invitees applies only to defects or conditions which are in the nature of hidden dangers, traps, snares, pitfalls, and the like, in that they are not known to the invitee, and would not be observed by him in the exercise of ordinary care. The invitee assumes all normal or ordinary risks attendant upon the use of the premises, and the owner or occupant is under no duty to reconstruct or alter the premises so as to obviate known and obvious dangers, nor is he liable for injury to an invitee resulting from a danger which was obvious or should have been observed in the exercise of reasonable care."

■ Appellee contends that appellant's liability should be measured more by the rule applied to common carriers of passengers, such as railroad cars, street cars and motorbusses, than the rule above announced. We cannot agree with this contention. The duty which the owner of a store or other premises owes to an invitee is quite different from the duty of a common carrier of passengers.

■ Appellee had been climbing in and out of this truck for many months; he knew, or by the exercise of ordinary care should have known, that the floor was defective and slippery, that there was no handhold at the rear of the truck and that there was only one step between the floor of the truck and the ground, a distance of 33 inches. Being charged with full knowledge of these obvious defects, which were not hidden in any way, he cannot recover for personal injuries caused by such defects or conditions.

The trial court erred in not instructing a verdict for appellant. The judgment

will therefore be reversed and judgment here entered that appellee take nothing and pay all costs of this Court and the court below.

Reversed and rendered.