

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**
~~WILL WILSON~~
**ATTORNEY GENERAL**

AUSTIN 11, TEXAS

Honorable S. J. Isaacks
Chairman Judiciary Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. 0-6538
Re: Constitutionality of the pro-
posed bill which is set out
herein.

Your letter of April 16, 1945, requesting the opinion
of this department as to the constitutionality of the bill at-
tached to your inquiry is as follows:

"Will you kindly advise me as chairmen of
the Judiciary Committee of the House of Repre-
sentatives, whether or not the enactment of a
bill substantially like the copy of the one
enclosed would be in contravention of the
constitution providing that local bills must
be advertized before the meeting of the Legis-
lature.

"On account of the near approach of the end
of the session I will appreciate it if you will
give the matter your immediate attention if it
is possible for you to do so."

The proposed bill submitted with your request is as
follows:

"H. B. No. _____                             By: _____

## "A BILL

### TO BE ENTITLED

"AN ACT to fix the maximum rate of tax
to be levied for school purposes
in all Independent School Dis-
tricts which include within their
limits a city or town, incorporated
or unincorporated, which according

to the Federal Census of 1940 had a pop-
ulation of not less than Two Thousand
Eight Hundred Twenty Five (2825) and not
more than Two Thousand Eight Hundred Thirty
Five (2835) and not less than One Hundred
Thirty Thousand (130,000) and not more than
One Hundred Thirty Five Thousand (135,000)
in the County, whether organized under
General or Special Law, repealing all laws
in conflict herewith, both General and
Special, and declaring an emergency.

"BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF TEXAS:

"SECTION 1.  In any Independent School District
having and including within its limits a city or town.
incorporated or unincorporated, which according to the
Federal Census of 1940 contained a population of not
less than Two Thousand Eight Hundred Twenty Five (2825)
and not more than Two Thousand Eight Hundred Thirty
Five (2835) and in a County containing not less than
One Hundred Thirty Thousand (130,000) and not more
than One Hundred Thirty Five Thousand (135,000) ac-
cording to the Federal Census of 1940, the school
district trustees of such Independent School Dis-
trict, whether such Independent School District was
created under the General laws or any Special Law or
laws, shall have the power to levy and cause to be
collected the annual taxes herein authorized, subject
to the following provisions:

"(1)  For the maintenance of the public schools
therein an ad valorem tax not to exceed One and 75/100
Dollars on the One Hundred ($100.00) Dollars valuation
of taxable property of the District;

"(2)  For the purchase, construction, repair
or equipment of public free school buildings within
the limits of such Districts and the purchases of the
necessary sites therefor, an ad valorem tax not to
exceed Seventy-five (75¢) Cents on the One Hundred
($100.00) Dollars valuation of taxable property of
the School District, such tax to be for the payment
of the current interest on and provide a sinking
fund sufficient to pay the principal of bonds which
such Districts are empowered to issue for such pur-
pose;

"(3)  The amount of maintenance tax, together
with the amount of bond tax of any such District

shall never exceed One and 75/100 ($1.75) Dollars
on the One Hundred ($100.00) Dollars valuation of
taxable property within such Districts; and if the
rate of bond tax, together with the rate of main-
tenance tax voted in the District shall at any
time exceed One and 75/100 ($1.75) Dollars on the
One Hundred ($100.00) Dollars valuation, such bond
tax shall operate to reduce the maintenance tax to
the difference between the rate of the bond tax and
One and 75/100 ($1.75) Dollars;

"(4)  No tax shall be levied, collected, abro-
gated, diminished or increased, and no bond shall
be issued hereunder, until suc⸗ action has been au-
thorized by a majority of the votes cast at an elec-
tion held in the District for such purpose, at which
none but property tax-paying qualified voters of such
District shall be entitled to vote.

"SEC. 2.  All laws and parts of laws, both
General and Special, in conflict herewith are hereby
repealed.

"SEC. 3.  The importance of this legislation
and the crowded condition of the calendar creates an
emergency and an imperative public necessity that the
Constitutional Rule requiring bills to be read on
three several days be suspended, and the same is
hereby suspended and this Act shall be in force and
take effect from and after its passage, and it is so
enacted."

Section 57 of Article III of the Constitution provides
that no local or special law shall be passed unless notice of
the intention to apply therefor shall have been published in
the locality where the matter or thing to be affected may be
situated, and further requires publication for at least thirty
days prior to the introduction into the Legislature of such Bill,
as well as exhibition to the Legislature of the evidence of such
notice having been published.

In considering the question presented, we must also look
to Section 56, Article III of the Constitution.  If the proposed
bill is a local or special law prohibited by that section of
the Constitution, it matters not that the constitutional notice
prerequisite to the passage of an authorized local or special
law has been given.

Section 56, Article III of the State Constituion is as
follows:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . . . .

"Regulating the affairs of counties, cities, towns, wards or school districts; . . . .

"And in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of the game and fish of this State in certain localities."

Local or special legislation is void if it pertains to a subject expressly forbidden by the provisions of Section 56 of Article III of the Constitution, and is not permitted under any other section of the Constitution, either expressly as an essential or appropriate incident to any subject so permitted.

It is our opinion that the proposed legislation is expressly forbidden by the provisions of Section 56, Article III of the Constitution and is not permitted under any other section of the Constituion. It is, therefore, our opinion that the proposed bill under consideration is unconstitutional.

Prior to 1927, the Constitution, Section 3, Article VII, contained the following language:

"And the Legislature may also provide for the formation of school districts by general or special law without the local notice required in other cases of special legislation."

In 1926, however, this provision was changed to read:

"And the Legislature may also provide for the formation of school districts by general law."

It will readily be seen that inasmuch as Section 3 no longer contains an exemption to the general provisions of Section 56, Article III of the Constitution prohibiting the Legislature from passing local or special laws, the formation of school districts by special laws is not permissible. We merely mention Section 3 of Article VII of the Constitution as it existed prior to 1927 for the purpose of showing that a special law could be enacted for the formation of school districts

without the local notice required in other cases of special legislation. The case of Fritter vs. West, 65 S.W. (2d) 414, (Error refused), holds among other things that a law is unconstitutional which attempts to create in a particular county the offices of county trustees, prescribe the powers and duties of officers in the school district, regulate the management of schools in such district, and raise funds for that purpose.

For authorities supporting our opinion that the proposed bill considered herein is unconstitutional, we direct your attention to the following cases: Oakley et al vs. Kent et al, 181 S.W. (2d) 919; Smith vs. State, 49 S.W. (2d) 739; Clark vs. Finley, 54 S.W. 343; City of Fort Worth vs. Bobbitt, 41 S.W. (2d) 288; Bexar County vs. Tynan, 97 S.W. (2d) 467; Miller et al vs. El Paso County, 150 S.W. (2d) 1000. As heretofore stated, we are of the opinion that the proposed bill contravenes Section 56 of Article III of the Constituion as it is local or special legislation regulating the affairs of school districts. We find that the Legislature has already by general law dealt with the matters contained in the proposed legislation, and the subject is therefore one about which a general law can be made and has been made applicable. For the purposes of this opinion we do not deem it necessary to cite or quote such statute.

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:LJ:wc


APPROVED APR 23, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

APPROVED Opinion Committee by s/BWB Chairman