## HOUSTON CITY STREET RAILWAY COMPANY ET AL. V.
## CHARLES P. B. MEDLENKA.

Delivered December 23, 1897.

### 1.  Verdict Not Excessive—Damages for Personal Injuries.

A verdict for $9000 for unusually severe and permanent injuries to a person 42 years old, earning regularly from $60 to $125 per month, by which he is rendered totally unable to pursue his trade, is not excessive.

### 2.  Street Railway—Liability Outside City Limits.

That a street railway is outside of any city, upon a county road, by authority of the commissioners court, at a place where an injury occurs, does not relieve the company from the requirement of reasonable care in maintaining the track in a condition of safety for those using the highway.

### 3.  Same—Track Used by Another Company.

A street railway company is not relieved from liability for an injury resulting from its failure to keep its track reasonably safe for persons using the highway, because the cars on such road were being operated by another company.

### 4.  New Trial—Insufficient Ground For.

The refusal of a motion for a new trial made on an affidavit stating that affiant, when the charge was read, was as near the judge as the jury were, and that he did not understand all its contents, although his hearing was good, will not be disturbed on appeal.

### 5.  Evidence to Charge Knowledge or Notice.

Evidence of the bad condition of a street railway crossing several hundred feet each side of the place where plaintiff was injured is admissible to show that defendant had had an opportunity to learn of the defective condition of the road.

### 6.  Evidence of Nonexperts—Street Railway Track.

Nonexpert evidence is admissible that guard rails along the street railway track are to make it easier to drive over the rails, and that there were not such rails at the place where plaintiff was injured.

### 7.  Same.

Evidence that the rails of defendant's street railway track were from three to five inches above the roadway street, in holes, and that there were no guard rails, is not inadmissible as an opinion of the witness, and may be given by one who has not qualified as an expert.

### 8.  Contributory Negligence—Crossing Street Car Track.

One is not, as a matter of law, guilty of contributory negligence in attempting to drive over a street railway track at a place where it is defective, although he knows of the defect.

### 9.  Street Railway—Track Not Level with Street.

A street railway company is not relieved from liability for an injury caused by depressions in the tracks, rendering them dangerous to cross, by the fact that such depressions have been caused by the gradual wearing away of the road by travel.

### 10.  Charge of Court—Ordinary or Reasonable Care.

An instruction in an action for personal injuries that by ordinary or reasonable care is meant such care as an ordinarily prudent person would have exercised under the same or similar circumstances, is not objectionable as authorizing the jury to take into consideration circumstances materially different from those attending the injury.

APPEAL from Harris.  Tried below before Hon. JOHN G. TOD.

*Lanier, Kirby & Martin,* for appellant.—1.  It is established by the evidence in this case that the plaintiff either knew or could have known by the exercise of ordinary care that the rail against which his wagon was

driven by himself was exposed on account of the hole and washout on its side of the public county road, and that the defendant, had he exercised ordinary care, could have avoided the injury by looking, had he looked or tried to discover the condition of the street railroad and the washout in the county road at the place complained of. Town of Gosport v. Evans, 112 Ind., 133; Sale v. Aurora L. & T. Co., 2 Am. Neg. Cases, 13-15; Schaeffer v. Jackson Township, 150 Pa. St., 145; 30 Am. St. Rep., 792.

2. The defendant's street railroad was entirely outside of the corporate limits of the city of Houston, as well as any other city, and it was not subject to control as to the manner of the construction of its roadway, or the placing of its rails by any city law, and its said railroad had been lawfully placed on the Washington road by authority of the county of Harris and its commissioners court. Schaeffer v. Jackson Township, 150 Pa. St., 145; Centralia v. Krouse, 64 Ill., 19; Smith v. New York, 66 N. Y., 295.

3. The plaintiff could have discovered the alleged defect in the track of the defendant had he looked or made any effort to do so, and the evidence further shows that he was guilty of contributory negligence in failing to look or discover the alleged defect in the track before driving against the same. Tuffree v. State Centre, 57 Iowa, 538; Davis v. Dudley, 4 Allen, 557; Fogg v. Nahant, 98 Mass., 578; Howe v. Lowell, 101 Mass., 93; Jackson v. Belleview, 30 Wis., 250; Gosport v. Evans, 112 Ind., 133; 2 Am. St. Rep., 164; Walker v. Reidsville (N. C.), 2 S. E. Rep., 74; City of Indianapolis v. Cook, 99 Ind., 10; Dubois v. Kingston, 102 N. Y., 219.

4. "There were no guard rails or wooden planks by the rails; the guard rails are intended to make the track easier to cross." This was an opinion of the witness, and irrelevant and immaterial. Railway v. Fox, 11 Bush., 495; Reed v. Railway, 45 N. Y., 574; Railway v. Halloren, 53 Texas, 46.

5. The court erred in the following paragraph of its charge: "By 'ordinary or reasonable care' is meant such care as an ordinarily prudent person would have exercised under the same or similar circumstances." Railway v. Finley, 79 Texas, 87; Railway v. Beatty, 73 Texas, 586; City of Austin v. Ritz, 72 Texas, 391.

*Ewing & Ring*, for appellee.—1. The verdict is not excessive. Railway v. Echols, 25 S. W. Rep., 1087; Railway v. Ewing, 7 Texas Civ. App., 8, 12; Railway v. Brazzil, 78 Texas, 317; Railway v. Johnson, 76 Texas, 436; Railway v. Randall, 50 Texas, 254; Railway v. Dorsey, 66 Texas, 154; Railway v. Hahn, 1 Texas Civ. App., 43; Railway v. Cooper, 2 Texas Civ. App., 43.

2. Plaintiff was not debarred from recovery, as a matter of law, if he, in attempting to drive over the track, knew, or by ordinary care might have known, of the condition of the track. Railway v. Dunn, 42 S. W. Rep., 250; 9 Am. and Eng. Encyc. of Law, 397-399; City of Houston v. Isaacks, 68 Texas, 191; Railway v. Neff, 87 Texas, 309.

3. The evidence as to the general bad condition of the track in the

neighborhood of the injury was competent as a circumstance on the issue of negligence vel non. Railway v. Watson (Ky.), 19 L. R. A., 312; Railway v. Johnson, 86 Texas, 421, 423, and cases cited.

4. A shorthand statement of facts, the result of personal observation, coupled with a statement of the specific facts, is not objectionable as opinionative. Railway v. Wesch, 85 Texas, 594, 600; Railway v. Daniels, (Texas Civ. App.), 28 S. W. Rep., 548; Railway v. Parr (Texas Civ. App.), 26 S. W. Rep., 861; Railway v. John (Texas Civ. App.), 29 S. W. Rep., 558; Railway v. Duelm (Texas Civ. App.), 23 S. W. Rep., 596; Campbell v. Warner (Texas Civ. App.), 24 S. W. Rep., 703; Railway v. Haskell, 4 Texas Civ. App., 550; Railway v. Thomason (Ark.), 26 S. W. Rep., 598.

JAMES, CHIEF JUSTICE.—Action for personal injury alleged to have been caused by negligence of appellant in regard to its roadbed or track on Washington Street or road, near the city of Houston, the negligence alleged being that the rails were permitted to protrude considerably above the level of the street, and that the substructure of said track was allowed to become decayed and wasted into holes, without guard boards or timbers, and that thereby the wheel of plaintiff's vehicle was broken, and he seriously injured as the result thereof. The verdict was for plaintiff for $15,000, which was reduced by remittitur in the District Court to $9000.

The evidence warranted the finding that defendant was negligent in reference to its track in substance as alleged, and that the conduct of plaintiff on the occasion and under the circumstances was consistent with reasonable care. We will proceed to consider the assignments of error.

There was evidence that plaintiff's injuries were permanent and unusually severe, and that at the time he was 42 years of age and a printer, and earned regularly from $60 to $125 per month, and was totally unable to pursue his trade. The verdict having been reduced by remittitur to $9000, this amount certainly is not excessive. It is contended by the second assignment that the verdict being for $15,000, the amount asked for, shows that the jury were dominated by passion and prejudice and did not fairly consider and try the issues. The verdict for $15,000 would probably not have been deemed excessive in view of testimony in the record, and we can not say that the verdict for that amount manifests any improper conduct on the part of the jury.

There was no error as claimed in the third assignment. The claim is that the testimony was undisputed that the condition of the place was not due to plaintiff's negligence, and that the hole or washout in which the vehicle was broken was in that portion of the public road owned and controlled by the county. This was not the state of the evidence, hence this assignment and the twenty-fifth, involving a charge based on the same theory, is not well taken.

The evidence was not such as made the plaintiff clearly and unmistakably guilty of contributory negligence, therefore the question should have been submitted. This disposes of the matters embraced in the fourth, eighth, and twenty-sixth assignments.

The fact that the line of railway was outside of any city upon a county road by authority of the commissioners court, has no tendency to absolve the company owning such railway from the requirements of reasonable care in maintaining its track in a condition of safety for those using the highway; nor is the company whose track this was, so absolved, by reason of the fact that it was not then operating the railway, but that the cars were being operated thereon by another street railway company.

There is no merit whatever in the seventh assignment. One C. B. Martin made an affidavit to the effect that when the charge was read to the jury he was as near the judge as the jury was, and although his hearing was good, he did not understand from its reading all the contents of the charge; that after a few moments the jury retired and in about ten minutes brought in a verdict, and that in his opinion the jury could not have discussed or considered to any reasonable extent the evidence in connection with the charge, and returned a verdict within such time. The decision of the judge against the sufficiency of this ground for new trial is a sufficient answer thereto.

It appears from evidence in the case that the point at which plaintiff undertook to cross this railway was about 150 or 200 feet from the crossing of the Southern Pacific Railroad. The witnesses Muller, Pommer, Schott, and Perkins all testified to the fact that at the point where the occurrence took place the rails of the street car track were much higher than the roadway, and no guard rails; and some of these witnesses stated the rails were five or six inches higher than the roadway. Not all of the witnesses had seen the accident, and objection was made to the testimony of such as had not, as hearsay. The court allowed the evidence conditionally only, and subject to it being shown that the place claimed by the respective witnesses to have been pointed out as the place of injury and testified about was in fact the correct place, and this was shown. These witnesses, or some of them, were allowed to testify to the condition of the track from the Southern Pacific crossing for several hundred feet in the direction of this accident, testifying that for all or nearly all that distance it was very bad, and several inches above the level of the road, which testimony was objected to on the ground that it was not confined to the locality of the accident, and was immaterial and irrelevant. These witnesses, in this connection, testified that the place where this occurred was as bad as any of the 600 feet east of the crossing, and most of them testified it was in its worst condition at that place. Our opinion is that the evidence of the condition of the track at that point and immediately connected with it, was proper to be considered on the issue of negligence of the company in keeping its road in condition. Reasonable care in this respect is all that was required of the defendant. In determining whether or not defendant has performed or failed to perform this duty, the opportunity defendant has had to observe or know of the defect complained of is of importance, and the extent of the bad or dangerous condition of its road, in that immediate locality at least, bears on this question. See Railway v. Johnson, 86 Texas, 423.

There is nothing in the tenth assignment. The thirteenth and nineteenth are, that witnesses were allowed to state that there were no guard rails at the place, and that guard rails are to make it easier to drive over the rails, the objection being that it was expert testimony and an opinion of the witness, and that he had not qualified as an expert. This was a matter that could be testified about by nonexperts. The fourteenth assignment has as little force. Pommer testified that "for most of the distance of 600 feet the rails were more or less from three to five inches above the roadway street, in holes, and no guard rails by the rails. I noticed it just nearly opposite the baker shop, and it was in the worst condition." This last sentence does not state an opinion of the witness, but a fact.

The twenty-second assignment is an objection to plaintiff's testimony of what his doctor's and medicine bills were. In this connection we will dispose of the thirtieth assignment, which complains of the charge which allowed the jury to find for the amount of such expenses. The objection is that there is no allegation to support such damage. There is such allegation.

The twenty-fourth refers to the refusal of a charge that, if the jury found the alleged defects to have existed and the railway constructed as alleged, still, if defendant knew or could have known of the condition of the track by the exercise of ordinary care, they should find for defendant. This would have made the court declare, as a matter of law, that an attempt to cross the track with such knowledge was, under the circumstances of the case, negligence on his part. This would not have been correct. Lee v. Railway, 89 Texas, 583. There was testimony that plaintiff crossed the track to avoid a water hole in front of him, not knowing its depth or condition. Whether or not he acted in this differently from one of ordinary prudence, under the circumstances, was a proper inquiry.

The twenty-fifth assignment relates to a refused charge, in substance as follows: "You are instructed that if you believe from the evidence that the alleged condition of defendant's street railway was caused by recent heavy rains, causing the ditch in the public road to wash away from the rails, and that such washout was so recent as that defendant, by the exercise of ordinary care, had not and could not have known of same at the time of the alleged injury to plaintiff, or if such depression or sink was in the public road and was caused by travel by vehicles over said county road outside of the street railway company's rails, you will find a verdict for the defendant." We think that at least the latter portion of this charge would have been incorrect, in giving the jury to understand that no duty devolved on the company to keep its line safe for the traveling public, if the alleged defect in its track was the result of gradual wearing away of the road by travel.

We need not notice the twenty-seventh assignment.

The twenty-eighth, twenty-ninth, and thirty-first assignments will be

disposed of together. The court charged that by "ordinary or reasonable" care is meant such care as an ordinarily prudent person would have exercised under the same or similar circumstances. It is claimed that the word "similar" tended to lead the jury to believe that it was not such care as plaintiff should have exercised under the circumstances of this case that should be considered. The rule is generally expressed by use of the words "like circumstances." City of Austin v. Ritz, 72 Texas, 402; Railway v. Sheider, 87 Texas, 167; Martin v. Railway, 87 Texas, 120; Railway v. Beatty, 73 Texas, 596; Galloway v. Chicago, 54 N. W. Rep., 447. As expressed in the charges, the rule is practically as if it had said "the same or 'like circumstances." It could not reasonably have been taken to mean that the jury were to refer to what a person of ordinary prudence would have done under circumstances that were in any material respect different from those present in this case; and therefore we do not sustain this attack on the charges mentioned in these assignments.

There is nothing in the thirty-second assignment.

The judgment is affirmed.

*Affirmed.*

Writ of error denied.