## BEEVILLE COTTON OIL CO. v. SELLS.
### No. 9614.

Court of Civil Appeals of Texas. San Antonio.

June 26, 1935.

T. M. West, Nat L. Hardy, and Frank B. Buchanan, all of San Antonio, for plaintiff in error.

O. Kennedy, of Beeville, for defendant in error.

BICKETT, Chief Justice.

Beeville Cotton Oil Company, defendant below, has appealed from a judgment rendered against it in favor of Samuel Newton Sells, plaintiff below, for the sum of $1,500 for personal injuries sustained as a result of his foot slipping into a screw conveyor of cotton seed.

Defendant, in connection with its cotton-seed oil mill in the town of Beeville, maintained a cotton-seed conveyor alongside its warehouse, or seed house. The conveyor consisted of a power-driven, metal auger, or screw, 12 inches in diameter placed in a wooden box about 15 inches square and 25 or 30 feet long. The box, with one end resting on the ground, was so inclined that the top at the other end was 3½ feet high. The top of the box was open at each end for a distance of about 7 or 8 feet. Across these openings were two sets of ¾ inch iron rods, one running across, and the other lengthwise with, the box. The cross rods were level with the top of the box and were about a foot apart. The long rods, a few inches higher, were three in number, about 3 or 4 inches apart, with their ends loosely set to give some play, either vertically or horizontally. It was necessary to have these rods movable in order to loosen the seed and permit their passage when packed. A closer mesh or lattice covering would not have permitted the cotton seed to pass properly. The arrangement of the box, conveyor, and cover rods was similar to that in general use by cotton-seed oil mills.

Plaintiff, employed by an independent contractor to haul cotton seed to the mill and unload it there, stood upon the edge of

the box, slipped into the conveyor, and sustained injuries to his foot and leg. He had been engaged in that work for about six weeks, and, during that time, had unloaded cotton seed into the conveyor more than one hundred times. He was thoroughly familiar with the box, the rods, and the screw. He knew, for it was obvious, that the openings between the rods were wide enough to admit his foot, and that the power behind the screw was sufficient to draw his leg into it. And he, also, knew that the edge of the board and the soles of his shoes were sleek from friction with cotton seed, as, indeed, any one in the cotton country of the South must have known as a matter of common knowledge. Preparatory to unloading cotton seed from a truck to the conveyor, the driver could stop the truck almost flush with the box and remove the end gate there, or stop the truck a few feet away and remove the end gate and then back the truck to the box. In the latter way, the driver stood on the ground to remove the end gate and had the inconvenience of picking up some spilled cotton seed; in the former, the driver frequently, but not always, stood on the edge of the box to remove the end gate. On this occasion, plaintiff backed the truck to within about 18 inches of the side of the box at the lower opening, and stepped on the edge of the box to remove the end gate. As he was holding with his hands to the upper part of the side boards of the truck and was in the act of removing the bolt of the end gate, his right foot slipped from the edge of the box into the moving conveyor. It drew the right leg in to a point above the knee, inflicting a fracture of the fibula and other injuries and resulting in a permanent partial disability of the foot, ankle, and leg.

The trial court overruled defendant's motion that the jury be peremptorily instructed to return a verdict in its favor.

The jury, in response to special issues submitted, found that defendant was guilty of acts of negligence, each of which was a proximate cause of plaintiff's injuries, as follows, to wit: (1) Failing to warn plaintiff of the danger of stepping on the side of the box; (2) failing to keep a watchman present to warn plaintiff of the danger of the conveyor; (3) failing to cover the conveyor by wire or bars sufficient to protect plaintiff; (4) permitting the rods to remain loose at the ends. The jury answered that plaintiff was not guilty of contributory negligence. And the jury fixed the amount of damages at $1,500. The trial court entered judgment accordingly for plaintiff against defendant.

The owner of premises is not liable, upon the theory of negligence, to one who enters as an invitee and who there receives bodily injury, as a consequence of his own voluntary act, by contact with machinery, the dangers of which are equally as well known and obvious to the one as to the other. Plaintiff, having come on the premises to deliver cotton seed in the course of the business of defendant, was there as an invitee by implication, if not expressly so. His own testimony shows that he was injured, not by an affirmative act of defendant, but as the result of his own act of trying to stand on the edge of the conveyor box. He was thoroughly familiar with the situation, and knew the dangers that lay in the conveyor to one letting his foot slip into it. Under all the facts, there was neither an omission nor an affirmative act that constituted negligence upon the part of defendant toward plaintiff. As is said in 20 Ruling Case Law, 56, 57: "The true ground of liability is the proprietor's superior knowledge of the perilous instrumentality and the danger therefrom to persons going upon the property. It is when the perilous instrumentality is known to the owner or occupant and not to the person injured that a recovery is permitted." Stamford Oil Mill Co. v. Barnes, 103 Tex. 409, 128 S. W. 375, 31 L. R. A. (N. S.) 1218, Ann. Cas. 1913A, 111; Marshall v. San Jacinto Bldg., Inc. (Tex. Civ. App.) 67 S.W.(2d) 372; Stimpson v. Pipe Line Co., 120 Tex. 232, 36 S.W.(2d) 473.

The trial court erred in refusing to grant the motion of defendant for a peremptory instruction.

The judgment of the district court is reversed; and judgment is here rendered that appellee recover nothing against appellant.