## FREAM v. GELLER.

### No. 12615.

Court of Civil Appeals of Texas. Galveston.

Nov. 19, 1953.

Rehearing Denied Jan. 7, 1954.

---

Bleecker L. Morse, Galveston, for appellant.

Wigley, McLeod, Mills & Shirley, and Preston Shirley, Galveston, for appellee.

GRAVES, Justice.

This statement of the nature and result of the suit below, and of the questions of law presented by the appeal, in what is thought to be correct, in substantial substance, is taken from the brief of the appellee:

This is an appeal by the appellant, plaintiff below, from a judgment rendered by the trial court, in a slip-and-fall case, upon a jury verdict, for the defendant, wherein the jury found that the condition complained of by plaintiff was open and obvious to her, that she ought to have known of such condtion, and that she voluntarily exposed herself to it.

The plaintiff was a guest in a hotel operated by the defendant. Plaintiff alleged that there was a single stairs from the first to the second floors of the Lamar Hotel, in Galveston, Texas; that the room assigned to the plaintiff was situated immediately to the left of the place where the stairs entered the second floor; that in order to go to the bathroom, plaintiff would come out of her room and turn to the right, and proceed down the hallway for about 10 feet, and then turn left and proceed down a hallway for about 15 feet to bath facilities.

Plaintiff further alleged that, on the evening of November 26, 1951, after she had been in the hotel for approximately thirty hours, she went to the bathroom, and, after going there, "started * * * toward the stairwell, and, as she neared the stairwell in said hallway, her foot caught * * *"; that if she be in error as to where her foot caught in the hall, in the alternative, that her foot caught "in the rubber flooring upon the top step of said stairway"; and, in the further alternative, that, if she were in error in both of the respects above stated as to where her foot caught, then that her foot caught in the metallic strip which was upon the edge of the top step of said stairway.

Plaintiff then proceeded to allege 20 separate acts of negligence on the part of the defendant.

The defendant answered by general denial, unavoidable accident, and various acts of contributory negligence, especially alleging that all the conditions and facts plaintiff so alleged were open, obvious, and apparent to plaintiff, and she voluntarily exposed herself to such conditions, and each of them.

The cause was submitted to the jury, insofar as the plaintiff was concerned, upon Special Issue No. 3, as to whether defendant "failed to maintain the rubber floor covering in the hallway on the second floor of the Lamar Hotel at the top of the stairway to and from the lobby, in a reasonably safe condition." The jury found for the plaintiff on this issue, and the subsidiary issue of proximate cause.

The court submitted defensive issue No. 8: "Do you find from a preponderance of the evidence that the condition of the rubber floor-covering in the hallway on the second floor of the Lamar Hotel at the top of the stairway to and from the lobby inquired about in Special Issue No. 3, was open and obvious to Mrs. Marie Fream?" Answer: "Yes."

The court further submitted defensive issue No. 10: "Do you find from a pre-

ponderance of the evidence that Mrs. Marie Fream ought to have known of the conditions, if any, referred to in Special Issue No. 3?" 'Answer: "Yes."

The court further submitted defensive issue No. 11: "Do you find from a preponderance of the evidence that Mrs. Marie Fream voluntarily exposed herself to the conditions, if any, referred to in Special Issue No. 3?" Answer: "Yes."

Based upon these findings of the jury, the trial court entered judgment for the defendant.

Appellant-plaintiff's appeal is based upon plaintiff's contention that the court erred in submitting Special Issues Nos. 8, 10, and 11, above referred to, and that the court erred in rendering judgment in favor of the defendant upon the verdict. Defendant-appellee's counterpoints are in answer to all of these alleged errors together.

Appellant's 6 Points of Error in this Court, as presaged, are confined to attacks on Special Issues Nos. 8, 10, and 11, as so submitted by the Court:

Nos. 1, 2 and 3, being to the effect that such Special Issues Nos. 8, 10, and 11 were evidentiary only in character, and made "no inquiry as regards an ultimate fact issue in this cause"; further, that such Issue No. 11 was not only confusing in form to the jury, but further it presented "an issue of assumed risk, which is improper in such cases as the one at bar".

Finally, the 6th Point attacked the judgment on the ground that the jury's verdict "fails to find Plaintiff guilty of any act, or omission, which would constitute negligence upon her part, which proximately caused her injury".

■ None of appellant's presentments, it is determined, should be sustained. Insofar as concerns the sufficiency of the evidence to sustain the jury's findings, there seems to this Court to be no question about it; the trial court literally cross-examined the jury upon all the detailed issues declared upon by the appellant as having constituted negligence upon the appellee's part in the maintenance of its hotel facilities, as they related to such guests therein, as was the appellant here; in every particular the jury's verdict was to the clear purport that no such declared-upon negligence as she contended for existed; indeed, there has been no evidence pointed out upon this appeal that any negligence such as was claimed by the appellant did, or could have, constituted a proximate cause of the injuries she sustained; this seems conclusive from the testimony of the appellant herself, wherein she thus frankly answered the inquiries made to her upon that Issue, by answering substantially, as follows: "she 'doesn't know what she stumbled on', 'did not see what it was that caused her to stumble', and 'cannot tell how she stumbled', and further, that she could not state where she fell in the hall, or on the top of the steps."

■ Under the over-all effect of the facts thus brought here, there seems to be to this Court no doubt, under our plainly settled law in a slip-and-fall case of this character, that the condition so found on sufficient evidence by the jury to have been open and obvious to the appellant, destroyed any duty that might under different conditions have been owed by the appellee as a hotel-keeper to the appellant as a guest therein. A. C. Burton Company v. Stasny, Tex.Civ.App., Galveston, 223 S.W.2d 310, error refused; Fox v. Gulf, Colorado & S. F. Ry. Co., Tex.Civ.App., Galveston, 80 S.W.2d 1072, error dismissed, w. o. j.; Franklin v. City of Galveston, Tex.Civ.App., Galveston, 256 S.W.2d 997, error refused, n. r. e.; Hodges v. Nix, Tex.Civ.App., Galveston, 225 S.W.2d 576, error refused, n. r. e.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal. The judgment will, therefore, be affirmed.

Affirmed.