Daniel H. ELSE, Appellant,

v.

John P. HAWKS, d/b/a Jung Drive-In, Appellee.

No. 6533.

Court of Civil Appeals of Texas.

Amarillo.

Nov. 7, 1955.

Rehearing Denied Dec. 5, 1955.

Merchant & Fitzjarrald, Amarillo, for appellant.

Gibson, Ochsner, Harlan, Kinney & Morris, Amarillo, for appellee.

MARTIN, Justice.

Daniel H. Else, appellant, while entering the Jung Drive-In owned by John P. Hawks, appellee, cut his right wrist on the glass in the main entrance door. It is appellant's theory that the panel of glass in the entrance door was cracked and that the defect was the proximate cause of appellant's right hand going through the glass and being injured. On completion of the evidence, the trial court instructed a verdict in favor of the appellee. Since the testimony of appellant reveals that his medical expense was only $30, that he was paid his regular salary during the period of this injury and that the amount of any loss of bonus could not be ascertained, it appears that appellant has brought before this Court an issue more concerned with academic questions than financial return.

On appeal, appellant presents one point of error that:

"The trial court erred in instructing a verdict for the defendant for the reason that the evidence presented a fact issue of negligence on the part of defendant and that such negligence was a proximate cause of plaintiff's injuries."

In reply, it is appellee's theory that he owed no duty to appellant to protect him from injury by reason of the broken glass in the door as the same was an open and obvious defect. By way of further reply, appellee asserted that it was not foreseeable that appellant would push his hand through the glass in the door. The briefs before this Court are presented in the light of the principle that appellee only owed a duty to appellant, as a business invitee, to protect him against conditions of the premises which would involve an unreasonable risk to his safety, the danger of which would not be open or obvious to a person exercising ordinary care. Appellant's authorities are presented on this issue alone. In support of his position, appellee cites Houston Nat. Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374, 375; Robert E. McKee, General Contractor, Inc., v. Patterson, Tex., 271 S.W. 2d 391; and like authorities. The cases cited by the parties will not be reviewed by this Court as the Supreme Court has ruled many times on the principle involved. The problem here is aptly stated in Hall v. Medical Bldg. of Houston, 151 Tex. 425, 251 S.W.2d 497, 500 [2]:

"There is no uncertainty as to the established principles applicable to a case of this kind. The difficulty is in their application to the peculiar facts of the case."

In the trial of the cause, a witness testified on behalf of appellant that the glass in the entrance door to appellant's drive-in was cracked the day that appellant injured his hand in the same. This witness testified he noticed the glass was cracked about 10:30 A. M. on such day. Appellant was injured about 5:30 P. M. on the same day, September 17, 1954. The evidence discloses, without controversy, that appellant was left-handed and caught the door latch of the door in his left hand while placing his right arm on the molding which held the glass in the door, and that when appellant pushed the door with his left hand his right hand went through the glass in the door. There is also evidence that the door would blow open if not securely closed raising an inference that force was required to open the same. Appellant testified that, after he pulled his hand out of the opening in the broken glass, he then looked at the glass in the door and saw a break in the same which ran "kitty-cornered up across the glass part of the door" and that "the bottom portion of that glass was pushed out and the top portion was still in, and it was a clean break where it had broken". On the issue as to whether this defect in the door and glass and resulting danger therefrom was open and obvious to appellant, he testified that he was not looking for anything or for a crack in the glass.

■ On the issue in the cause the evidence presented by the appellee reveals the following pertinent testimony. An employee of appellee was placed on the stand and testified that while he was cooking in the cafe, he observed the front entrance door a number of times during the day and had not seen any cracks in the glass. A milk deliveryman who kept a key to appellee's cafe testified that he found the front door glass broken out on the morning of the 16th and that the same was replaced the same day. This deliveryman further testified that he came to the drive-in early each morning and left the milk and then returned about two in the afternoon to collect for the same. Although this witness testified he found the glass broken in the door the morning before appellant was injured, he was not questioned as to whether he delivered milk to the cafe the morning of the 17th and collected for the same the afternoon of that day—the same day that appellant was injured. Nor was this witness questioned as to the condition of the glass in the door on the 17th. A glazier testified that his employees had replaced, on the 16th, the broken glass as discovered by

the milk deliveryman. This glazier also testified that he entered the cafe door only a couple of minutes before appellant was injured on the 17th and that he did not see anything wrong with the door and that the glass was not cracked. The glazier in further attempting to establish conclusively that the glass as broken on the 16th was repaired the same date, brought into court a work invoice as proof thereof. However, on production of the invoice the same apparently showed the date of the 18th. At least, the glazier testified that the invoice as produced was the wrong invoice as it was for replacement of the broken glass which injured appellant on the 17th. Further, although this witness testified that he would send to the court the invoice for replacement of the glass as broken on the 16th such invoice is not shown in the statement of facts. This matter and the silence of the deliveryman as to the condition of the door and glass on the 17th were elements which the jury was entitled to weigh, along with all the testimony, in determining whether or not the glass in the door was cracked on the 17th when appellant was injured thereby. The jury may have even concluded on the facts that the door glass was broken the 16th and was not replaced until the 18th.

The two preceding paragraphs constitute a brief summary of the pertinent facts. The evidence in the cause must be examined under the rule in White v. White, 141 Tex. 328, 172 S.W.2d 295, 296:

"In determining whether it was proper to instruct a verdict in this case, we must view the evidence in the light most favorable to the petitioners, the losing parties. * * * We must indulge against the instruction every inference that may be properly drawn from the evidence. * * * And, if the record reflects any testimony of probative force in favor of the losing parties, we must hold the instruction improper. * * * A peremptory instruction is warranted only when the evidence is such that no other verdict can be rendered and the winning party is entitled, as a matter of law, to a judgment."

The applicable rule of law must be applied to the evidence in the cause as established under the rule shown in the preceding paragraph. The case on appeal is governed by the rule laid down by the Supreme Court in Hall v. Medical Bldg. of Houston, supra, [6]. The evidence in the cause raises an issue of fact that there was a defect in the construction or condition of the door in that the glass in the same was broken. Under this fact, the following rule stated in [5] of the above authority is not applicable in the cause here:

"In many of them [cases of injury from doors] liability was denied because the door was an ordinary door in general use, the danger incident to using it being open and obvious, and there being *no evidence of any defect* in the construction or condition of the door."

Since the evidence in this record raised an issue as to there being a defect in the door, it is apparent that the rule laid down in the above case under [6], applies here. "On the other hand, it has been held in a number of cases that questions of fact as to the proprietor's negligence and as to proximate cause are raised where * * * the door was permitted to become defective * * *." Appellant's undisputed testimony reveals that the defect and danger therefrom were not open and obvious to him. The testimony of appellee's witnesses that they saw no crack in the glass might be construed by a jury as corroborating appellant on this issue. The facts require the submission of the issue to the jury under the rule in the above case and also under the following authorities and it was error to instruct a verdict in the cause. J. Weingarten, Inc., v. Brockman, Tex. Com.App., 134 Tex. 451, 135 S.W.2d 698; Fream v. Geller, Tex.Civ.App., 263 S.W.2d 329; Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60; Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229

S.W.2d 357; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R.2d 1114.

The appellant's point of error is sustained. The judgment is reversed and the cause is remanded to the trial court.